## LUNDY *v.* CHAMBERS.

GEORGE, J.  At the October term, 1916, of the superior court of Laurens county, Joseph Chambers filed a petition against R. M. Lissie Lundy, seeking to have canceled a deed to certain real estate, alleging that he had executed and delivered to the defendant the deed in consideration of support and maintenance during his life; that the defendant had failed to support and maintain him; and that his support was worth the sum of twenty dollars a month.  There was a specific prayer for a verdict for his support for a designated time.  The answer admitted the contract as alleged, but pleaded that the support and maintenance of the plaintiff for his life was to be furnished at her home, and that he had voluntarily and without legal reason moved away from her home and was not entitled to recover the value of his support and maintenance. On the trial questions were submitted to the jury, the first being: "Did the defendant violate the contract as contended for by the plaintiff?" To this question the jury answered in the negative; whereupon at the Apr'l term, 1917, a judgment and decree in favor of the defendant was entered, to which no exception was taken.  In August thereafter Joseph Chambers filed suit against R. M. Lissie Lundy, in a justice's court, for sixty dollars, support for the three months since the verdict and decree aforesaid; whereupon the defendant filed a petition setting out substantially the foregoing, and praying that the suit in the justice's court be enjoined upon the ground that the issue involved in that suit was involved and adjudicated in the former equity suit between the same parties.  She alleged, that, since the decree in the equity case, the plaintiff had continued to voluntarily remain away from her home, and that she was and had been at all times ready, able, and willing to support the plaintiff at her home; and set out the expense incurred by her in the defense of the former suit in equity, the additional expense necessary to a defense of the justice's court suit, and of future suits for support which the plaintiff "threatened and would file against her every three months."  On the hearing the judge of the superior court refused an interlocutory injunction, and the plaintiff excepted.  *Held:*

1. The verdict and decree in the equity cause first referred to established (a) the contract between the parties, and that the support and maintenance to be provided for the defendant in the present cause was to be furnished at plaintiff's home; (b) that the plaintiff in the present cause had not, to the date of the verdict and decree, breached the contract, but that the defendant had voluntarily and without legal reason removed from the home of the plaintiff.

2. If the defendant refused, without legal justification, to return to the home of the plaintiff and to accept support according to the terms of

the contract subsequently to the date of the verdict and decree, the plaintiff (defendant in the justice's court suit) has a legal ·defense to that suit, and her remedy at law is adequate.

3. The judgment refusing the interlocutory injunction will be
      Affirmed.  All the Justices concur, except Fish, C. J., absent.
                    No. 593.  APRIL 12, 1918.

Petition for injunction.  Before Judge Kent.  Laurens superior court.  August 25, 1917.

R. Earl Camp, for plaintiff.

T. E. Hightower and W. A. Dampier, for defendant.         \